# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ALEXANDER HILLEL TREISMAN )<br>also known as Alexander S. Theiss ) | 1:20CR208-1 |

## ORDER

On September 28, 2020, a federal grand jury in this district indicted Defendant Alexander Hillel Treisman, also known as Alexander S. Theiss ("Defendant"), on one count of knowingly possessing any material containing an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), including images involving a prepubescent minor and a minor who had not attained 12 years of age, which had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer in, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2); and two counts of knowingly transporting using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, any child pornography, as defined in Title 18 United States Code, Section 2256(8)(A), from the State of South Carolina to the State and Middle District of North Carolina, in violation of Title 18, United States Code, Section 2252A(a)(1) and (b)(1).

Thereafter, the case came before the Court for a hearing on a motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f)(1)(E). At the end of the hearing, the Court orally ordered Defendant's detention pending disposition of this case because clear and

1

convincing evidence established that no combination of available release conditions would reasonably assure the safety of the community and a preponderance of evidence established that no conditions would ensure Defendant's presence in court. The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i)(1).

I. BACKGROUND

Before the hearing, a United States Probation Officer prepared a Pretrial Services Report regarding Defendant's history, residence, family ties, employment history, financial resources, health (including as it relates to mental health and substance abuse issues), and prior record. Both parties had an opportunity to review the report and stipulated to its accuracy. Defendant made no objections.

At the hearing, Defendant was "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear[ed] at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f). The United States called (and, through his counsel, Defendant cross-examined) Special Agent Aaron Seres of the Federal Bureau of Investigation ("FBI") and Officer Addison Friedman of the United States Marshal Service and the Joint Terrorism Task Force ("JTTF"), who investigated this matter. Defendant did not present any testimony.

II. DISCUSSION

In considering the question of release or detention pending trial, the Court considers the following statutorily-prescribed factors:

(1) the nature and circumstances of the offense charged . . .;

(2) the weight of the evidence against the [defendant];

2

>   (3) the history and characteristics of the [defendant] . . .; and
>
>   (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release.

18 U.S.C. § 3142(g).  Based on the record before it, the Court makes the following findings of fact and/or conclusions of law.   First, with respect to the nature of the offense charged against Defendant, the Court notes that the charges are serious.  Second, the weight of the evidence against Defendant is strong as to the charged offenses.

The Government presented the testimony of FBI Special Agent Aaron Seres who testified about the events leading up to the indictment.  Special Agent Seres testified that on May 28, 2020, employees of the Fifth Third Bank located at 606 South Main Street in Kannapolis, North Carolina reported an abandoned white Ford van in the bank's parking lot. Officers from the Kannapolis Police Department ("KPD") responded.  Through the windows, KPD officers observed an AR-15 style rifle, a box for a Taurus .380 handgun, a cannister of the explosive material Tannerite, and a box of 5.56 caliber ammunition.  The bank manager requested that KPD tow the van.  An inventory search was conducted on the vehicle.  The search revealed, in addition to the items seen through the windows, approximately $509,000 of U.S. currency (believed to be Defendant's inheritance), books (about survival, bomb making, improvised weapons and Islam), drawings of swastikas and planes crashing into buildings, and the following firearms: a Sig Sauer AR rifle, an Intratec 9mm Luger, a Lower AR receiver, a Kel-Tec Sub-2000, a .22 caliber rifle marked ArchAngel, and a Russian Mosin Nagant M91/30 bolt action rifle.

Special Agent Seres testified that later on May 28, 2020, Defendant arrived at the Fifth Third Bank in a green Honda Accord and inquired about the towed van.  Bank employees

3

again contacted KPD. KPD officers responded to the call, encountered Defendant, and took him into custody. KPD officers obtained a search warrant for the Honda Accord, which revealed two additional firearms: a Taurus Spectrum .380 caliber and an Intratec 9mm Luger Model AB-10, found concealed in a clothes hamper. Officers also located Defendant's wallet in the vehicle, which contained a State of Washington ID card bearing the name Alexander Hillel Treisman (DOB 12/19/2000), a State of California driver's license bearing the name Alexander Hillel Treisman (DOB 12/19/2000), and a State of Florida driver's license bearing the name Alexander S. Theiss (DOB 3/29/1995). KPD officer arrested Defendant for carrying a concealed weapon and contacted the FBI. A Samsung S9 cell phone was seized from Defendant's person at the time of arrest.

Defendant was interviewed by KPD officers and JTTF investigators following his arrest. Defendant disclosed that he has an interest in terrorist incidents and mass shootings. Defendant conveyed that he has lost friends because of jokes he has made about mass shootings and the 9/11 terrorist attacks. He disclosed that he traveled across the country and purchased firearms in various states, including Washington (the Kel-Tec Sub-2000), Kansas (the Intratec 9mm Luger Model AB-10), New Hampshire (the Sig Sauer AR Rifle), and West Virginia (the Taurus Spectrum pistol). Defendant purchased the Kel-Tec Sub 2000 from a Federal Firearms Licensee in Seattle, Washington. The information Defendant provided for his background check is consistent with his counterfeit Florida driver's license bearing the name Alexander Theiss (DOB 3/29/1995).

Special Angent Seres further testified that Defendant confirmed using the online alias "flippymapper" on YouTube. JTTF investigators confronted Defendant about using the online alias "AlextheBodacious" to post a Reddit comment referencing pedophilia and

4

executing those he hates. Defendant initially said he could not recall using this alias, but then later said he made the comment for "shock factor." JTTF investigators conducted online searches of the aliases used by Defendant and discovered another post by AlextheBodacious expressing a desire to perform a mass shooting.

The FBI obtained a warrant to search Defendant's S9 cellphone. A search of the cellphone revealed sexually explicit videos and images of minors. A warrant was obtained to search fifteen other electronic devices seized from Defendant's vehicles. Child pornography was found on eight of these devices (three laptops, three hard drives, an additional cell phone, and a flash drive). A total of 1,248 videos and 6,721 images of child pornography content were found on Defendant's devices, in addition to 637 videos and images of child pornography containing sadism and/or masochism content. Location data collected for Defendant's Samsung S9 cell phone shows Defendant traveling from South Carolina to North Carolina between May 26 and 27, 2020. Prior to traveling to North Carolina, Defendant used the internet at a hotel in South Carolina to download child pornography onto one of his laptops, which was found in his possession on May 28, 2020.

The Government then offered the testimony of Officer Addison Friedman with the U.S. Marshal's Service and the JTTF. Officer Friedman testified that warrants and court orders were obtained to search Defendant's electronic devices and accounts, including his accounts on social media sites and gaming platforms. The Government proffered two exhibits during Officer Friedman's testimony, which included the following evidence:

- Images of the Defendant's white Ford van;
- An image of the weapons recovered from Defendant's van;
- Images of Defendant's green Honda Accord;

- Images of the firearms recovered from Defendant's Honda Accord;

- Images of Defendant's two fraudulent driver's licenses bearing the alias Alexander S. Theiss;

- A note created on October 15, 2019, found in Defendant's Samsung S9 cell phone describing a plan to perform a mass shooting at a mall food court on Christmas or Black Friday;

- Still images from video footage of the Christchurch, New Zealand mosque shooting that Defendant downloaded on March 21, 2020 and related internet searches;

- A screenshot of the February 18, 2020 Reddit post by username AlextheBodacious referencing pedophilia and executing those he hates;

- An internet post made by Defendant on February 22, 2020 referencing raping children and posting child porn;

- An audio recording made on or about April 3, 2020 of Defendant narrating "the perfect porn video," which describes Defendant killing two parents with a shotgun and then raping and impregnating their young daughter;

- An April 8, 2020 internet post by AlextheBodacious stating that he was "going to do a columbine for a while, [but] I think it would better to put it towards something more memorable";

- An iFunny meme posted by Defendant on April 15, 2020 with the caption "should I kill joe biden?";

- A timeline of internet searches conducted by Defendant between March and May 2020 seeking information about Joe Biden's home address, state gun laws, rifle parts, and night vision goggles, along with actions taken by Defendant, including posting the abovementioned meme about killing Joe Biden, purchasing an AR-15 in New Hampshire, traveling to a Wendy's within 4 miles of Joe Biden's home, and writing a checklist note ending with "execute";

- An April 20, 2020 video taken by Defendant's cell phone while driving by Mandalay Bay Casino in Las Vegas with audio of a male voice saying "There it is. That's it. That's the one, that's where they did it. Allah Akbar! Ah hah, nice.";

- A video created on April 23, 2020 with Defendant's cell phone at O'Hare International Airport with audio of a male voice suggesting that it would be

- "awesome" to hijack a plane and fly it into a building;

- Images taken on or around April 26, 2020 at Range 56 shooting range at the Fort Bragg training area in North Carolina;

- A description of and images from an electronic document entitled "A Guide to Mass Shooting" found on one of Defendant's hard drives;

- Drawings found in Defendant's jail cell in August 2020 showing a stick figure labeled "me" beating a stick figure labeled "whoever the fuck calls the cops on a parked car" with a bat;

- A handwritten "Autobiography" found in Defendant's jail cell referencing mass shootings;

- An image found on one of Defendant's hard drives of a Polish passport that had been edited to bear Defendant's face instead of the face of the original holder;

- Images of Defendant's current passport and a notation inside indicating that it is a replacement for a lost passport;

- Audio from a May 29, 2020 jail call between Defendant and his mother, Kimberly Treisman, in which she suggests that Defendant should "jump bail";

- A 2017 email from alexthebodacious@gmail.com to a Canadian immigration law firm seeking information about how to obtain Canadian citizenship; and

- Images of a rental agreement and a power bill in the name of Alex Theiss for an apartment in Quebec, Canada;

On cross examination, Defendant's counsel asked Officer Friedman if he was aware that Defendant had been diagnosed with Asperger syndrome at age twelve. Officer Friedman testified that he and another agent had asked Defendant about mental health conditions on May 29, 2020. Officer Friedman stated that Defendant denied having any mental health conditions during that interview.

Defendant's counsel offered Alpha Human Services, a minimum-security facility located in Minneapolis, Minnesota as an alternative pretrial placement. Alpha Human Services is certified by the Minnesota Department of Corrections and offers evaluations and treatment for

men charged with sex offenses.

The Court notes that Defendant has no prior criminal history. However, having considered the information presented, the Court concludes that the record establishes by clear and convincing evidence that no combination of available release conditions would reasonably assure the safety of the community, and that a preponderance of evidence establishes that no conditions would ensure Defendant's presence in court. Alpha Human Services in Minnesota is not a suitable alternative to detention. Defendant has not overcome the presumption of detention arising under 18 U.S.C. § 3142(e)(3)(E). Defendant will therefore be detained pending disposition of this matter.

**IT IS THEREFORE ORDERED** that the motion for detention by the United States is **GRANTED** and Defendant shall be detained pending disposition of the instant charges under 18 U.S.C. § 3142(e)(1). Defendant is committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a United States court or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
Joe L. Webster
United States Magistrate Judge

October 6, 2020
Durham, North Carolina