

**KANNAPOLIS POLICE DEPARTMENT**
**GENERAL ORDER:** 900-02
**SUBJECT:** TOWING OF VEHICLES
**DISTRIBUTION** All Personnel
**EFFECTIVE DATE:** 02-01-1999
**LAST REVISION DATE:** 08-26-2020
**BY ORDER OF:** Terry L. Spry, Chief of Police

## PURPOSE

The purpose of this General Order is to establish procedures for the towing, storage, release and search of impounded or seized vehicles.

## POLICY

Officers of the Kannapolis Police Department may order the towing of a vehicle in accordance with the procedures specified in this Order when such towing is authorized under the City of Kannapolis Municipal Code or state law, and is reasonably necessary to protect public safety, prevent interference with the flow of traffic, or for evidentiary reasons. Vehicles will be towed by the next available rotation wrecker on the Department's eligibility list, unless circumstances dictate otherwise.

## DEFINITIONS

The following definitions are for the limited purpose of this General Order and may not apply in all other cases:

1. Abandoned Vehicle: a vehicle which is left upon a public street or highway in violation of a law or ordinance prohibiting parking; OR is left on a public street or highway for more than seven (7) days; OR is left on property owned or operated by the City for longer than twenty-four (24) hours; OR is left on private property without the consent of the owner, occupant or lessee thereof for longer than two (2) hours.

2. Impounded Vehicle: a vehicle that the Police Department orders removed by a rotation wrecker to a private storage lot until the owner complies with the requirements for its release (i.e. proper identification, payment of towing/storage fees), or the vehicle is disposed of by other lawful means.

3. Rotation Wrecker: a wrecker service that is listed on the approved list of eligible tow services maintained by the Communications Center of the Kannapolis Police Department.

4. Seized Vehicle: a vehicle which the Police Department takes into custody and which may be subject to state or federal forfeiture proceedings or is ordered held by the police for evidentiary reasons.

## PROCEDURES

**A. CIRCUMSTANCES WHERE AN OFFICER MAY ORDER A VEHICLE TOWED**

1. A police officer may order the towing/impoundment of a vehicle in accordance with the provisions of this Order under any of the following circumstances.

    (a) When a vehicle is upon any bridge, overpass or other elevated structure or within any tunnel or other underpass structure, where such vehicle constitutes an obstruction to traffic;

    (b) When a vehicle upon a street is so disabled as to constitute an obstruction to traffic and the person in charge of the vehicle is by reason of physical injury incapacitated to such an extent as to be unable to provide for its custody or removal;

    (c) When any vehicle is parked upon a street and is so parked illegally as to constitute a definite hazard or obstruction to the normal movement of traffic;

    (d) When a vehicle is parked upon a street continuously for more than forty-eight (48) hours and proper notice has been given by affixing Form KPD-117 (Notice For Towing) to the windshield or other conspicuous place indicating that failure to remove the vehicle within 48-hours of the time and date indicated on the notice may result in the vehicle being towed and stored for safe keeping at the owner's expense;

    (e) When the driver of a vehicle is taken into custody by a law enforcement officer and such vehicle would thereby be left unattended upon the street;

    (f) When any vehicle is parked on a street to be used for a procession, assemblage, or parade;

    (g) When removal is necessary in the interest of public safety because of fire, flood, storm or other emergency;

    (h) When any vehicle constitutes an "abandoned" vehicle as defined in this Order and is located on a public street or highway, or on property owned or operated by the City;

    (i) When any vehicle has been lawfully seized pursuant to a search warrant or a court order;

    (j) When any vehicle has been lawfully seized without a warrant and the vehicle is subject to forfeiture under state or federal law;

    (k) When any vehicle has been lawfully seized without a warrant and probable cause exists to believe that the vehicle contains or constitutes evidence of a crime and exigent circumstances exist.

**B. TOWING SERVICES – GENERAL PROVISIONS**

1. Whenever a vehicle is impounded/towed at the direction of a police officer in accordance with this Order, the officer will notify the Communications Center accordingly, whereupon a record will be made of the date, location, requesting officer, description of the vehicle, rotation wrecker used, dispatch/arrival times, reason for the towing, and hold/release data.

2. Vehicles will be towed by the next rotation wrecker unless circumstances dictate otherwise. Requests by the owner/operator for a specific wrecker service may be honored with consideration given to existing traffic conditions and the proximity of the desired towing service. Vehicles seized under the authority of NCGS 20-28.3 will be towed by the wrecker service designated by the appropriate county school system or state agency

3. In non-arrest situations, the towing of a vehicle by a rotation wrecker at the <u>request</u> of the owner (who is present at the scene and does not specify a wrecker preference), will not require the completion and submission of the forms specified in section B6 of this General Order.

4. Unless otherwise directed, an impounded vehicle will normally be towed to and stored at the wrecker company affecting the tow. It is then the responsibility of the wrecker company to collect any towing/storage fees.

5. Vehicles under the control of a person arrested are to be inventoried and towed at the direction of the arresting officer, unless release of the vehicle <u>will not</u> hinder an arrest or investigation; and:

    (a) The vehicle can be claimed at the scene by the lawful owner; OR

    (b) The vehicle can be released to a responsible third party who is approved by both the officer and the arrestee

6. An officer who authorizes or directs the impoundment of a vehicle pursuant to this Order shall complete the following forms prior to ending the tour of duty on which the towing occurred:

    (a) Form KPD-114 Affidavit of Towing;
    (b) Form KPD-113 Notice of Towing;
    (c) Form KPD-112 Vehicle Inventory Tow-In Report; and
    (d) Form KPD-133 Property Owner Tow Request (if applicable).

7. The Records Unit shall maintain copies of towing records on file for a period of three (3) years, to include return receipts from certified mailings, and letters returned by the postal service as undeliverable.

**C. INVENTORY SEARCHES**

1. The warrantless inventory search of a vehicle towed/impounded pursuant to the direction of a police officer under the provisions of this Order may be conducted provided that:

    (a) A lawful basis exists for taking custody of the vehicle;

    (b) The inventory is non-investigative (officers may not conduct an evidence search under the guise of an inventory search);

    (c) The scope of the search is limited to locating and securing valuables for the mutual protection of the officer, department, and vehicle owner or operator.

2. The purpose of an inventory search is to identify and safeguard property located within the vehicle and is generally limited to those unsecured or readily accessible areas within the

vehicle. A locked trunk or glove box may be searched only if the keys are available to the officer. Whenever possible, the inventory search should be conducted at the scene prior to releasing the vehicle to the tow truck operator.

3. Officers are not permitted to break open or damage any locked containers, compartments, luggage or other property located in the vehicle in the course of conducting the inventory search. However, closed containers that can be opened without force or damage may be searched as part of the inventory. Any evidence, contraband, or fruits of a crime discovered during an inventory search may be admissible in a subsequent prosecution.

4. The officer conducting an inventory search must complete a Vehicle Inventory report documenting the general condition of the vehicle and listing any valuable property contained in the vehicle. The original will be forwarded to Central Records, a copy provided to the tow-truck operator, and a copy retained by the officer.

5. Officers may, prior to removing the vehicle from the scene, take possession of any contraband or obviously valuable property that is in plain view within the vehicle. Any property taken in this manner will be documented on the Vehicle Inventory Tow-In Report and entered into the property control system in accordance with departmental directives.

**D. POST-TOWING NOTICE REQUIREMENTS**

1. Whenever a vehicle is towed/impounded at the order of a police officer, the officer must make a reasonable effort, including a check of the VIN number and license plate, to determine the last known registered owner.

2. The officer authorizing the tow is <u>required by law</u> to notify the last known registered owner of the vehicle of the following:

    (a) The description of the vehicle;
    (b) The location where the vehicle is stored;
    (c) The violation with which the owner is charged, if any
    (d) The procedure the owner must follow to have the vehicle redeemed;
    (e) The procedure the owner must follow to request a probable cause hearing.

3. If the vehicle is registered in North Carolina, the officer should notify the owner within <u>24-hours</u>. If the vehicle is NOT registered in North Carolina, notice should be given to the owner within <u>72-hours</u>. This notice shall, if feasible, be given by telephone.

4. Regardless of whether or not telephone contact is made with the owner, a Notice of Towing form shall be completed by the officer, and forwarded to Central Records, along with a DCI printout of the registration information. The original will be sent to the address of the last known registered owner by certified mail/return receipt requested, and a copy retained by the Records Unit.

**E. AFFIDAVIT OF TOWING / RIGHT TO PROBABLE CAUSE HEARING**

1. An officer who orders a vehicle towed/impounded shall complete an Affidavit of Towing form setting forth the statutory authority and probable cause for the towing. The original must be notarized and forwarded to Central Records, and a copy retained by the officer.

2. The owner or any other person entitled to claim possession of the vehicle may request in writing a hearing to determine if probable cause existed for the towing. The request must be filed with the magistrate in the county where the vehicle was towed. The magistrate will then set a hearing within seventy-two (72) hours of receipt of the request.

3. Pursuant to NCGS 20-219.11, the officer authorizing the towing may submit the Affidavit of Towing form to the magistrate in lieu of personally appearing at the hearing. However, the submission of an affidavit does not prevent the officer from testifying if he/she so desires.

4. The only issue at this hearing is whether or not probable cause existed for the towing. If probable cause did exist, the tower's lien continues. If the magistrate finds that probable cause did not exist, the tower's lien is removed. However, the Department may be held financially responsible for payment of any towing/storage fees if no probable cause is found to exist for the towing.

F. **ABANDONED, NUISANCE AND JUNKED MOTOR VEHICLES**

1. The City of Kannapolis Municipal Code specifies that the Police Department and City Zoning administrator are responsible for the administration and enforcement of "Abandoned, Nuisance, and Junked Motor Vehicles." This responsibility is divided as follows:

    (a) The Police Department is responsible for the removal and disposition of vehicles determined to be "abandoned" and which are located on the public streets and highways within the City, or on property owned or operated by the City;

    (b) The City Zoning Administrator is responsible for the removal and disposition of "nuisance, junked and abandoned" vehicles located on <u>private</u> property.

2. Before authorizing the towing of an "abandoned" vehicle, the officer must give due notice to the registered owner or person entitled to possession of the vehicle. Due notice must be given by certified mail or by affixing on the windshield or other conspicuous place on the vehicle a notice indicating that the vehicle will be removed by the City on a specified date (no sooner than seven (7) days after the notice is given), unless the vehicle is moved by the owner or legal possessor prior to that time.

3. The 7-day prior notice requirement may be omitted where there is a special need for prompt action to eliminate traffic obstructions or to otherwise maintain and protect the public safety and welfare. Circumstances justifying the removal of vehicles without prior notice include:

    (a) Vehicles obstructing or posing a hazard to traffic;
    (b) Vehicles illegally parked;
    (c) Vehicles blocking access to city owned facilities or property; or
    (d) Vehicles causing damage to public property.

G. **REMOVAL OF VEHICLES FROM PRIVATE PROPERTY**

1. As a general policy, the Kannapolis Police Department will not remove a vehicle from private property if the owner, occupant, or lessee of such property could have the vehicle removed without police assistance under applicable procedures of law.

2. Complaints regarding vehicles which are "nuisance, junked or abandoned" as defined in the City of Kannapolis Municipal Code and which are located on <u>private property</u> should be referred to the City Zoning Administrator.

3. A police officer <u>shall not</u> authorize the towing of a vehicle from private property without first receiving a written request by the owner, occupant or lessee of the property indemnifying the City against any loss, expense or liability incurred because of the removal, storage or sale thereof. The proper execution of a Property Owner Tow Request form satisfies the requirements of this section. The original copy of this form will be forwarded to Central Records.

**H. STOLEN VEHICLES**

1. When a vehicle is determined to be stolen, the recovering officer will coordinate with the law enforcement agency where the stolen report was filed regarding the evidentiary processing and disposition of the vehicle. In serious crimes, the reporting agency may want the vehicle seized and held until their own investigators can process the vehicle for evidence.

2. Unless otherwise requested by the reporting agency, the following general procedures will be observed:

    (a) The recovering officer should ascertain if the owner can claim the vehicle within a reasonable period of time at the location of discovery. This is to be done only if the officer is able to stand by at the scene until the owner is able to arrive;

    (b) Prior to releasing the vehicle to the owner, the officer shall conduct an evidence search. Any evidence recovered shall be properly documented, collected, and entered into the departmental evidence control system;

    (c) If the owner cannot be readily contacted, or if it is not feasible for the officer to stand by at the scene, the vehicle is to be towed in accordance with the guidelines set forth in this Order for the impoundment of vehicles, including mailing a notification of towing;

    (d) Details of the recovery and vehicle disposition must be documented on an Incident Report and forwarded via the normal chain of command for supervisory review.

**I. SEIZURE OF VEHICLES**

1. Officers may, with the approval of a supervisor, authorize a towed vehicle to be seized and held when such action is necessary to the investigation of a criminal offense and seizure of the vehicle is authorized under law.

2. Officers must recognize that the authority to order the towing of a vehicle does not, in itself, give them the authority to seize the vehicle. A legal basis for the seizure of the vehicle must exist. The following are considered to be lawful justifications for the seizure of a vehicle:

    (a) Warrantless seizure of a vehicle subject to forfeiture under state statutes (see NCGS 14-86.1; 18B-504; 20-28.3; 20-141.3; 90-112; 113-173(i) or federal law;

    (b) Warrantless seizure of a vehicle that the officer has probable cause to believe contains or constitutes evidence of a crime and exigent circumstances exist; OR

      (c) Seizure of a vehicle pursuant to a search warrant or court order.

3. It will be the responsibility of the officer authorizing the towing of a seized vehicle to ensure that the wrecker service and/or receiving storage location is properly notified when a vehicle is being seized and held pursuant to this section.

4. The officer who seizes a vehicle will be responsible for complying with all applicable reporting and notification requirements established by law or regulatory agency for the type of seizure involved. This specifically includes the completion and submission of all required forms. All vehicles seized that are subject to asset forfeiture (other than DWI forfeiture) must be reported to the Support Services Bureau Commander in accordance with General Order 800-05.

5. All inquiries received from a vehicle owner or towing service regarding a seized vehicle shall be referred to the individual officer or supervisor authorizing the seizure.

6. Seized vehicles continue to accrue daily storage fees. Therefore, officers should affect an appropriate disposition of the vehicle as soon as possible once custody is no longer required or warranted.

## J. ROTATION WRECKER ELIGIBILITY LIST

1. The Department maintains a list of those persons, firms and corporations having businesses that apply and qualify to tow and store vehicles on a rotating basis at the request of the Police Department.

2. To qualify for the rotation wrecker list, an applicant must meet certain eligibility criteria and assume certain obligations as specified in the City of Kannapolis Municipal Code and established by the Chief of Police. A copy of the eligibility criteria and rotation wrecker requirements will be issued to each rotation wrecker applicant/operator and affected operational units within the agency.

3. Recognizing that there may be circumstances in which special heavy lift or recovery capability is required, the Department will maintain a separate "Special Equipment" rotation wrecker list for qualified businesses having special heavy-lift towing equipment.

4. Wrecker services that fail to meet the eligibility criteria or obligations specified for rotation wreckers are subject to removal from the rotation list by the Chief of Police.

5. All officers and employees are required to observe the guidelines established by the Department regarding the use of the rotation wrecker list. Under no circumstances are officers or employees to solicit business for, or recommend in any manner, a particular wrecker service.

## K. TOWING COMPLAINT PROCEDURES

1. To ensure that efficient towing service is rendered by rotation wrecker services in accordance with established guidelines, officers are encouraged to report any problems or deficiencies to their supervisor.

2. Complaints against rotation wrecker services, either by officers or private citizens, are to be documented and forwarded via the chain of command to the Professional Standards Lieutenant for investigation.

3. Such investigation will include a thorough review of the incident and surrounding facts, statements from complainants and accused tow operator, and interviews with other independent witnesses.

4. The Professional Standards Lieutenant will review the investigative findings and take appropriate corrective action as required.

5. If the wrecker service is disqualified from further participation on the rotation list, the Chief of Police will be responsible for notifying the affected wrecker service of the disposition of the complaint and administrative action.

**INDEX AS**:

Abandoned Vehicles
Impounded Vehicles
Inventory Searches
Rotation Wreckers
Seizure of Vehicles
Stolen Vehicles
Towing Complaints
Towing of Vehicles