IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
  v. ) 1:20CR208-1
)
ALEXANDER HILLEL TREISMAN )

## NOTICE OF ADDITIONAL FINDINGS

Upon review of this court's ruling and consideration of the matters addressed regarding this court's Oral Order denying Defendant's Motion to Suppress, (Docket Entry 02/26/21), this court files this notice of additional findings to avoid any misunderstanding of the findings and conclusions made in open court, and to supplement those findings.

This court expressed concerns over the presence of a firearm and Tannerite in plain view in the passenger area of a vehicle. However, this court did not, and does not, suggest that the presence of a firearm or the Tannerite alone would justify an entry to a vehicle under the community caretaking function. This court did not, and does not, find that anytime law enforcement sees a firearm in a vehicle that fact alone presents a public safety issue.

In other words, it was not simply the presence of a firearm in plain view that justified the officers' entry into the back of the van. It was the totality of the facts known to the

officers – an abandoned van, no air conditioning, a gun, Tannerite, a suitcase in the front, side door partially ajar – which suggested that someone was located in the van. The presence of the items in plain view, combined with the suitcase and the partially ajar side door, suggested to officers that someone would not have left these items unattended. The warm day and the fact that the air conditioner was not running reasonably suggested to officers that someone might be in distress. Thus, on the totality of the circumstances, the officers' reasonable concern for the health and safety of an individual in the cargo area justified the entry under the community caretaking exception.

After checking the cargo area of the van for a possible individual in distress, officers saw what reasonably appeared to be additional firearms in the cargo area, an area of the van that was not locked and therefore unsecure. Both the Kannapolis City Code and the Kannapolis Police Department General Order authorize the removal of an abandoned vehicle from private property on notice; the notice requirement is not applicable if there is a special need to maintain and protect the public safety and welfare. See Kannapolis City Code 10-238; General Order 900-02(G), https://www.kannapolisnc.gov/Portals/0/Departments/Police/Documents/000-

- 2 -

Case 1:20-cr-00208-UA   Document 46   Filed 03/02/21   Page 2 of 4

00%20SOP%20MANUAL%202021_02_26.pdf ("As a general policy, the Kannapolis Police Department will not remove a vehicle from private property if the owner, occupant, or lessee of such property could have the vehicle removed without police assistance under applicable procedures of law."). Here, the bank had requested removal of the van as an abandoned vehicle.

In this case, the presence of firearms in an abandoned vehicle, the fact that the bank's towing service would not tow the vehicle until the firearms were removed by law enforcement, and the fact that, in Captain Smith's experience, all of the tow operators would require police assistance if a gun is present, along with the other circumstances, leads to two conclusions. First, the presence of unsecured firearms in an abandoned vehicle on the bank's property, considering all the circumstances present in this case, presented a special need to protect the public safety and welfare as recognized by the Kannapolis City Code.

Second, the presence of firearms in the abandoned van, both in plain view in the passenger area and in the unlocked cargo area were circumstances which precluded the bank from having the vehicle removed without police assistance under applicable procedures of law, specifically, the Kannapolis City Code which otherwise precludes police involvement in towing vehicles from

private property unless police assistance is required. Under applicable procedures in Kannapolis, the tow operators will not tow a vehicle in which a firearm is present without assistance from law enforcement to secure the firearm.

As noted hereinabove, these findings are made in addition to those made in open court during the motion hearing on February 26, 2021.

This the 2nd day of March, 2021.

                                      /s/ William L. Osteen, Jr.
                                      United States District Judge