IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:20CR208-1 |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER HILLEL TREISMAN | : | PLEA AGREEMENT |
| also known as Alexander S. Theiss | : | |

NOW COME the United States of America, by and through Sandra J. Hairston, Acting United States Attorney for the Middle District of North Carolina, and the defendant, ALEXANDER HILLEL TREISMAN, in his own person and through his attorney, Samuel J. Randall, IV, and state as follows:

1. The defendant, ALEXANDER HILLEL TREISMAN, is presently under Superseding Indictment in case number 1:20CR208-1, which in Count One charges him with a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2), possession of child pornography; and which in Counts Two and Three charge him with violations of Title 18, United States Code, Section 2252A(a)(1) and (b)(1), transportation of child pornography.

2. The defendant, ALEXANDER HILLEL TREISMAN, will enter a voluntary plea of guilty to Counts One, Two, and Three of the Superseding Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt

before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, ALEXANDER HILLEL TREISMAN, understands that as to Count One of the Superseding Indictment herein, he shall be sentenced to a term of imprisonment of not more than twenty years, and the maximum fine for Count One of the Superseding Indictment herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, ALEXANDER HILLEL TREISMAN, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

    b. The defendant, ALEXANDER HILLEL TREISMAN, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of any term of years not less than five, or life, after imprisonment, pursuant to Title 18, United States Code, Section 3583(k).

c. The defendant, ALEXANDER HILLEL TREISMAN, understands that, as to Counts Two and Three of the Superseding Indictment herein, he shall be sentenced to a term of imprisonment of not less than five years nor more than twenty years, as to each count, and the maximum fine for Counts Two and Three of the Superseding Indictment herein is $250,000, as to each count. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, ALEXANDER HILLEL TREISMAN, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

d. The defendant, ALEXANDER HILLEL TREISMAN, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of any term of years not less than five, or life, after imprisonment, as to each count, pursuant to Title 18, United States Code, Section 3583(k).

e. The defendant, ALEXANDER HILLEL TREISMAN, understands that the Court shall order, in addition to any other criminal

3

penalty authorized by law, that the defendant make restitution, pursuant to Title 18, United States Code, Section 2259, to any victim of the offenses charged in the Superseding Indictment herein. The defendant, ALEXANDER HILLEL TREISMAN, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

f. The defendant, ALEXANDER HILLEL TREISMAN, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

4

g. The defendant, ALEXANDER HILLEL TREISMAN, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, ALEXANDER HILLEL TREISMAN, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, ALEXANDER HILLEL TREISMAN, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

h. The defendant, ALEXANDER HILLEL TREISMAN, understands that, by entering a plea of guilty to Counts One, Two, and Three of the Superseding Indictment herein, he may be required to register as a sex offender under the laws of any state in which he may reside, and that it is the defendant's responsibility to comply with any applicable registration requirements. See 34 U.S.C. § 20901-20962 (Jacob Wetterling, Megan Nicole Kanka, and Pam Lychner Sex Offender Registration and Notification Program) and 18 U.S.C. § 4042 (2000) (requiring defendants to register as a sex offender within 10 days of release from incarceration or sentence probation). If the

defendant resides in the state of North Carolina following any term of imprisonment, the defendant agrees to register as a sex offender pursuant to N.C.G.S. §§ 14-208.5 – 14-208.45 in the county of his residence and provide verification to the probation department of such registration. The defendant also understands that if he does not return to, or moves from the state of North Carolina, he may be required to register as a sex offender pursuant to the state laws of his new residence.

3. By voluntarily pleading guilty to Counts One, Two, and Three of the Superseding Indictment herein, the defendant, ALEXANDER HILLEL TREISMAN, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, ALEXANDER HILLEL TREISMAN, is going to plead guilty to Counts One, Two, and Three of the Superseding Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. It is understood that if the Court determines at the time of sentencing that the defendant, ALEXANDER HILLEL TREISMAN, qualifies

6

for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

    b.    It is further agreed between the United States and the defendant, ALEXANDER HILLEL TREISMAN, that the defendant is entering a conditional plea of guilty to Counts One, Two, and Three of the Superseding Indictment herein, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, thereby reserving the right of the defendant to appeal the adverse ruling of the Court on his motion to suppress filed herein.

    c.    The defendant, ALEXANDER HILLEL TREISMAN, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, ALEXANDER HILLEL TREISMAN, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

d. In addition, the defendant, ALEXANDER HILLEL TREISMAN, agrees to and does hereby abandon any interest that he has in any book, magazine, periodical, film, videotape, computer, cell phone, or storage media, that contains child pornography as defined in Title 18, United States Code, Section 2256(8).

e. The defendant, ALEXANDER HILLEL TREISMAN, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

f. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, ALEXANDER HILLEL TREISMAN, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, ALEXANDER HILLEL TREISMAN, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), other than withdrawal of his plea under Paragraph 5(b) of this plea agreement and pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, any statement made at the plea proceedings in connection

8

Case 1:20-cr-00208-UA   Document 47   Filed 03/04/21   Page 8 of 11

with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

6. The defendant, ALEXANDER HILLEL TREISMAN, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. The defendant, ALEXANDER HILLEL TREISMAN, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, ALEXANDER HILLEL TREISMAN, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, ALEXANDER HILLEL TREISMAN, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is

pleading guilty. Additionally, the defendant, ALEXANDER HILLEL TREISMAN, agrees that, unless the Court finds him to be indigent, an additional mandatory special assessment of $5,000 will be imposed pursuant to Title 18, United States Code, Section 3014. Furthermore, the defendant, ALEXANDER HILLEL TREISMAN, understands that he is subject to an additional assessment of no more than $35,000 pursuant to Title 18, United States Code, Section 2259A(a)(2). These payments shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payments at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessments.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 4th day of March, 2021.

_____  
SANDRA J. HAIRSTON  
Acting United States Attorney

*[signature]*  
SAMUEL J. RANDALL, IV  
Attorney for Defendant

*[signature: Graham T. Green]*  
GRAHAM T. GREEN  
NCSB #22082  
Assistant United States Attorney

*[signature]*  
ALEXANDER HILLEL TREISMAN  
Defendant

  251 N. Main Street, Ste. 726  
  Winston-Salem, NC 27101  
  336/333-5351

*[signature]*  
CRAIG M. PRINCIPE  
NCSB #44720  
Assistant United States Attorney

  251 N. Main Street, Ste. 726  
  Winston-Salem, NC 27101  
  336/333-5351

*[initials: RSG]*

11

Case 1:20-cr-00208-UA   Document 47   Filed 03/04/21   Page 11 of 11