# United States District Court
## Middle District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| ALEXANDER HILLEL TREISMAN | Case Number: 1:20-CR-00208-1 |
| | USM Number: 09021-509 |
| | Samuel J. Randall, IV |
| | Defendant's Attorney |

FILED APR 1 3 2022 IN THIS OFFICE Clerk U.S. District Court Greensboro, NC

Date of the Original Judgment: October 12, 2021

### THE DEFENDANT:
☒ pleaded guilty to counts 1s, 2s, 3s
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18: U.S.C. 2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography | 05/28/2020 | 1s |
| 18: U.S.C. 2252A(a)(1) and (b)(1) | Transportation of Child Pornography | 05/27/2020 | 2s |
| 18: U.S.C. 2252A(a)(1) and (b)(1) | Transportation of Child Pornography | 05/28/2020 | 3s |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☒ Count 1 of the original Indictment filed on 6/22/2020 is dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the economic circumstances.

February 11, 2022
Date of Imposition of Judgment

*William L. Osteen, Jr.*
Signature of Judge

William L. Osteen, Jr., United States District Judge
Name & Title of Judge

4/13/2022
Date

DEFENDANT: ALEXANDER HILLEL TREISMAN
CASE NUMBER: 1:20-CR-00208-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 156 months

[156 months as to Count 1s; 156 months as to each of Count 2s and 3s which shall run concurrently with the sentence imposed as to Count 1 and as to each other]

☒ The court makes the following recommendations to the Bureau of Prisons: That the defendant be designated to a facility where he may participate in educational opportunities to include obtaining his GED and vocational training to include culinary arts, electrical engineering, and medical technology. The Court further recommends to the Bureau of Prisons that the defendant be designated to a facility where he may receive an appropriate evaluation and treatment for autism spectrum disorder and, further, to a facility where he may participate in residential skills program.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ am/pm on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 pm on .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ALEXANDER HILLEL TREISMAN
CASE NUMBER: 1:20-CR-00208-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **fifteen (15) years**

**[Fifteen (15) years as to Count 1s; Fifteen years as to each of Counts 2s and 3s which shall to run concurrently]**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
4. ☐ You must make restitution in accordance with 18 U.S.C §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
7. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: ALEXANDER HILLEL TREISMAN
CASE NUMBER: 1:20-CR-00208-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date_____

DEFENDANT: ALEXANDER HILLEL TREISMAN
CASE NUMBER: 1:20-CR-00208-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall abide by the mandatory and standard conditions of supervised release.

The defendant shall cooperatively participate in a mental health treatment program, which may include inpatient treatment, and pay for those treatment services, as directed by the probation officer.

The defendant shall participate in an evaluation and a mental health program with emphasis on sex offender treatment, and pay for those treatment services, as directed by the probation officer. The defendant must submit to any risk assessments, psychological and physiological testing, which may include, but is not limited to, a Visual Reaction Time (VRT) measurement of sexual interest, and/or the use of prescribed medications, or other specific tests to monitor the defendant's compliance, as directed by the probation officer.

The defendant shall provide any requested financial information to the probation officer.

The defendant shall notify the probation officer of any material change in his economic circumstances that may affect his ability to pay restitution, a fine, or the special assessment.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.

The defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant, grocery shopping, etc., with any person under the age of 18, except his children, without prior permission of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes, but is not limited to, direct or indirect, personal, telephonic, written, or through a third party. If the defendant has any contact with any child, that is, a person under the age of 18, not otherwise addressed in this condition, the defendant is required to immediately remove himself/herself from the situation and notify the probation office within 24 hours.

The defendant shall not view, purchase, possess or control any sexual explicit materials, as defined in 18 U.S.C. § 2256, including but not limited to pictures, magazines, video tapes, movies, or any material obtained through access to any computer or any material linked to computer access or use.

The defendant shall submit to polygraph testing, as directed by the probation officer.

The defendant shall not possess or use a computer, or any other means to access any online computer service at any location, including employment, without the prior approval of the probation officer. This includes any Internet Service Provider, peer-to-peer network or file sharing programs, or any other public or private computer network. If granted access to an online computer service, the defendant shall consent to the probation officer conducting periodic or unannounced examinations of any internet capable devices, similar electronic devices, or computer equipment, which may include hardware, software, and related computer peripherals. This may also include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination. The defendant shall not have any social networking accounts without the approval of the probation officer.

DEFENDANT: ALEXANDER HILLEL TREISMAN
CASE NUMBER: 1:20-CR-00208-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | *Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $300.00 | $55,500.00 | $.00 |  | $5,000.00 |

**Assessment 18 U.S.C. § 2259A**
$17,000.00

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ *The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

*Total amount of restitution: $55,500.00 payable to the following:

1. $5,000 to the victim "Violet" depicted in the At School series
2. $5,000 to the victim "Jane" depicted in the CinderblockBlue series
3. $3,500 to the victim "Sierra" depicted in the Jan_Socks1 series
4. $5,000 to the victim "Jenny" depicted in the Jenny series
5. $5,000 to the victim "Maureen" depicted in the Lighthouse1 series
6. $3,000 to the victim "Patty" depicted in the Linda&Patty1 series
7. $3,000 to the victim "Sarah" depicted in the Marineland1 series
8. $3,000 to the victim "Amy" in the Misty series
9. $6,000 to the victim "Pia" in the Sweet White Sugar series
10. $7,000 to the victim "Tara" in the Tara series
11. $3,000 to the victim "Raven" from the Teal&PinkPrincess2 series
12. $7,000 to the victim "Vicky" from the Vicky series

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ *The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ *N/A the interest requirement is waived pursuant to 18 U.S.C. Section 3612(f)(3) for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

---

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ALEXANDER HILLEL TREISMAN
CASE NUMBER: 1:20-CR-00208-1

# *SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ *Lump sum payment of $77,800.00 due on or before February 25, 2022.

☐ not later than _____ , or

☐ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ *N/A Payment in equal (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ *Special instructions regarding the payment of criminal monetary penalties:

**Total of Assessments:** $300 Special Assessment
$17,000 Assessment pursuant to 18 U.S.C. § 2259A
$5,000 JVTA Assessment

**Total of Restitution:** $55,500 of Restitution

Total criminal monetary penalties imposed *$77,800.00 and are due and payable within 14 days from February 11, 2022.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401-2544, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names, Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

**Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.**

DEFENDANT: ALEXANDER HILLEL TREISMAN
CASE NUMBER: 1:20-CR-00208-1

## DISPOSITION OF EVIDENCE

☒ Any firearms seized as well as any materials containing child pornography seized by law enforcement during the investigation shall be destroyed at the conclusion of the appeals period in this case.